USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
                                 :

**SCOTT DAVIS,**                 :       **MEMORANDUM**

                             :     **OPINION AND ORDER**

               **Petitioner,**    :

                             :      **07 Civ. 6584 (SAS)**

     - against -           :

                             :

**J. M. KILLIAN, as Warden, FCI**    :
**Otisville,**

              **Respondent.**   :
-----------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Scott Davis, proceeding pro se, moves to modify his sentence pursuant to section 3585 of title 18 of the United States Code.[1]  The Government opposes Davis's motion.[2]

        Davis makes two arguments.  *First*, he asserts that because he never met all of his bail conditions, he was never actually released, and thus any time served after his arrest must be credited against his sentence.[3]  *Second*, he argues that the treatment center he attended was similar enough to a prison that any time

---

     [1]     *See* Petition for Writ of Habeas Corpus by Person in Federal Custody ("Pet.").

     [2]     *See* 11/6/07 Letter from Assistant U.S. Attorney Michael D. Maimin to the Court ("Gov't Resp.").

     [3]     *See* Pet. ¶ 1.

spent at that center must be credited against his sentence.[4]  He asks this Court to modify his sentence accordingly.  For the following reasons, Davis's motion is denied.

On January 6, 2005, Davis was arrested, and soon thereafter charged with selling methamphetamine.[5]  On January 7, 2005, Davis appeared before Magistrate Judge Ronald L. Ellis, who set bail conditions, which included, inter alia, a $50,000 bond to be co-signed by two sureties and secured by $2,500 in cash.[6]  At that time, Davis was released on his own recognizance, but was required to meet the other conditions of release by January 14, 2005.[7]  Davis signed his bond and was released.[8]  Although he did not meet the other release conditions, his bail was not rescinded until April 12, 2005.[9]

During the period from January to April, 2005, Davis attended an

---

[4]     *See id.* ¶ 9.

[5]     *See* Gov't Resp. at 2.

[6]     *See id.* at 2-3.

[7]     *See id.* at 3.

[8]     *See* 1/7/05 Appearance Bond Case No. 05 Mag. 36, Ex. A to Pet. *See also* Gov't Resp. at 3.

[9]     *See* Gov't Resp. at 3.

-2-

inpatient drug rehabilitation center, as required by his bail conditions.[10]  That center is privately owned and not under the control of the United States Attorney's Office, the Bureau of Prisons, or the United States Marshals Service.[11]  While at that facility, Davis alleges that he "had no liberties whatsoever, no passes, no furloughs."[12]  When his bail was rescinded, he was remanded into custody.

On April 7, 2006, Davis pled guilty and was convicted on two counts: conspiracy to distribute and the distribution of methamphetamine.[13]  This Court sentenced Davis to forty-one months in custody, to be followed by three years of supervised release.[14]  He is currently serving the custodial portion of his sentence.[15]

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in *official detention* before his

---

[10]    *See* Pet. ¶ 8; Gov't Resp. at 3.

[11]    *See* 11/6/07 Affirmation of Carmine Mosca, Executive Officer of the Riverside Support Center, Ex. D to Gov't Resp.

[12]    3/16/07 Regional Administrative Remedy Appeal, Ex. C to Pet.

[13]    *See* Pet. ¶ 3.

[14]    *See id.* ¶ 2.

[15]    *See id.* ¶ 1.

sentence begins."[16]  According to the Supreme Court, however, it is the Attorney

General, through the Bureau of Prisons ("BOP"), who computes the amount of

credit a defendant receives after he is sentenced.[17]  Moreover, "[section] 3585(b)

does not authorize a district court to compute the credit at sentencing."[18]  If a

defendant disputes the BOP's determination of credit, he or she may seek judicial

review of the decision by filing a habeas corpus petition under section 2241 of title

28 of the United States Code after exhausting all administrative remedies.[19]

---

[16]     *United States v. Wilson*, 503 U.S. 329, 330 (1992) (emphasis added).
18 U.S.C. § 3585(b) provides:

> Credit for prior custody.  A defendant shall be given credit
> toward the service of a term of imprisonment for any time
> he has spent in official detention prior to the date the
> sentence commences-
>      (1) as a result of the offense for which the sentence
> was imposed; or
>      (2) as a result of any other charge for which the
> defendant was arrested after the commission of the offense
> for which the sentence was imposed;
>       that has not been credited against another sentence.

[17]     *See Wilson*, 503 U.S. at 333.

[18]     *Id.* at 334.  *Accord United States v. Barrera-Saucedo*, 385 F.3d 533,
536 (5th Cir. 2004) ("There is no statutory authority for district courts to award
credit against federal sentences for time spent in state custody.").

[19]     *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634
(2d Cir. 2001) ("We have held that federal prisoners must exhaust their
administrative remedies prior to filing a petition for habeas relief.").

-4-

Finally, the Supreme Court has defined official detention as those instances in which a court commits the defendant to the custody of the Attorney General, as opposed to any period of time in which the defendant was "released" on bail.[20]  Any time spent on bail may not be credited against the sentence, even if during those periods the defendant was ordered to a facility under "highly restrictive conditions" and "jail-type confinement."[21]

The facts in *Reno v. Koray* are nearly identical to the facts here. Defendant Koray was released on bail to a privately owned rehabilitation facility where he was held in "jail-type confinement."[22]  The Supreme Court determined that "the time respondent spent at [a] community treatment center while 'released' on bail pursuant to the Bail Reform Act of 1984 was not 'official detention' within the meaning of 18 U.S.C. § 3585(b).  Respondent therefore was not entitled to a credit against his sentence of imprisonment."[23]  Davis was likewise under serious restrictions while at a privately-owned rehabilitation facility, and likewise is not entitled to credit against his sentence.

---

[20]    *See Reno v. Koray*, 515 U.S. 50, 56 (1995).

[21]    *Id.* at 53-54.

[22]    *Id.* at 53 (finding that Koray had no permission to leave the facility for any reason unless accompanied by a government agent).

[23]    *Id.* at 65.

Davis argues that because he failed to timely satisfy all of the bail
conditions, he was never released on bail. This is not the case. He was released
on bail upon signing his bond – his failure to meet the other conditions only meant
that his bail could be rescinded if the court chose to do so. For unknown reasons,
his bail was not rescinded until April 12, 2005.[24]

Davis cites five cases that he contends stand for the proposition that
time spent in a treatment facility may be credited against a sentence. However,
only one of those cases remains good law and it stands for the opposite
proposition. *Reno v. Koray*, in fact, overruled three of the other cases – *Mills v.
Taylor*, *United States v. Mori,* and *United States v. Davis*.[25] The fourth, *Moreland
v. United States*, was vacated on rehearing.[26]

Because Davis was released on bail, he was not under the authority of
the Attorney General. Therefore, the time he spent in the treatment facility cannot
be credited against his sentence.

---

[24]    *See* Gov't Resp. at 3. *See also* 4/12/07 Minute Entry for Proceedings
Held Before Magistrate Judge Kevin N. Fox: Detention Hearing as to Scott Davis.

[25]    *Mills v. Taylor*, 967 F.2d 1397 (9th Cir. 1992); *United States v. Mori*,
798 F. Supp. 629 (D. Haw. 1992); *United States v. Davis*, 763 F. Supp. 638
(D.D.C. 1991).

[26]    *See* 967 F.2d 1397 (8th Cir. 1991), *vacated*, 968 F.2d 655 (1992) (*en
banc*).

For the foregoing reasons, Davis's motion to modify his sentence is denied. The Clerk of the Court is directed to close this motion [Docket #1] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            March 7, 2008

## - Appearances -

**Petitioner (Pro Se):**

Scott Davis
Reg. #52979-054
Federal Correctional Institution Otisville
P.O. Box 1000
Otisville, New York 10963

**For Respondent:**

Michael D. Maimin
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2238